UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21780-CIV-HOEVELER

**PRIMARY CAPITAL ADVISORS, LLC,**

    Plaintiff,

v.

**MARCI G. MAST,**

    Defendant.
_____/

### ORDER DENYING MOTION TO DISMISS

The plaintiff, Primary Capital, filed this breach-of-contract lawsuit June 29, 2009, claiming the defendant Marci Mast failed to make required payments on her loan, triggering the acceleration clause in the loan agreement. There was no activity of record in the case until July 12, 2010, when the Court ordered the plaintiff to show cause why the case should not be dismissed for failure to serve process upon the defendant within the 120-day time frame required by Rule 4(m) of the Federal Rules of Civil Procedure.[1]

On July 14, 2010, after the show-cause order was issued, Primary Capital apparently was able to finally locate an effective address to serve Ms. Mast with the complaint. Ms. Mast received the pleadings and, on July 21, 2010, filed a motion to dismiss under

---

[1] Federal Rule 4(m) provides: "Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Rule 12(b)(5), noting that she had not been served within 120 days. On July 22, 2010, Primary Capital responded to the Court's order to show cause as well as the defendant's pending motion to dismiss.

In its July 22 submission, Primary Capital presents evidence that it made at least six attempts to achieve personal service on Ms. Mast at two addresses in Miami. Three of the six attempts were made at Ms. Mast's address in Sunny Isles Beach; each time, Ms. Mast instructed her gated community's security guard to deny the process server's entrance, according to the process server's affidavit. Primary Capital further certifies it continued to conduct monthly searches for the defendant's location, hoping to learn an alternative address. Several months ago, counsel for Primary Capital inquired with the U.S. Marshal whether that office would be able to effect service on the plaintiff's behalf.

In her motion to dismiss, Ms. Mast does not contend she has not been properly served under Florida law.[2] Rather, she argues that Primary Capital cannot show good cause for the long delay in completing service. Based on the information in the plaintiff's submission to the Court, however, it appears Ms. Mast was evading service, and that the plaintiff made continuous efforts to locate her. The Court is satisfied the plaintiff proceeded in good faith, had a reasonable basis for noncompliance with the 120-day deadline,

---

[2] Federal Rule of Civil Procedure 4(e) provides that an individual may be served by following state law in the state where the district court is located or where service is made. The plaintiff purports to have effected substitute service under Florida law.

2

and the basis for the delay was more than inadvertence or mistake. See generally Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129 (11th Cir. 2005) (district court has discretion to extend the 120-day period). Accordingly, it is hereby

**ORDERED AND ADJUDGED:** The defendant's motion to dismiss is denied. She shall respond to the complaint in the manner required by the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Miami, Florida, July 29th, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE